UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LARRY ANDERSON, JR.** | : | **CIVIL DOCKET NO. 2:18-cv-275** |
| **VERSUS** | : | |
| **ROY O. MARTIN** | : | **MAGISTRATE JUDGE KAY** (By Consent) |

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment filed by defendant MARTCO, L.L.C[1] (hereafter "Martco"). Doc. 17. The motion is opposed by plaintiff Larry Anderson, Jr. Doc. 27. For the reasons stated below, the motion is **GRANTED**.

### I.
#### BACKGROUND

On March 5, 2018, plaintiff filed suit in this court alleging that his employer, Martco, had terminated him on March 6, 2017, in violation of "[t]he Family and Medical Leave Act of 1993 and Title VII of the Civil Rights Act of 1964." Doc. 1, p. 1. Specifically, he alleges the termination was retaliation because he took his mother to the doctor on March 1, 2017. *Id.* Martco denied the claims and maintained that plaintiff was terminated for "legitimate, non-discriminatory, non-retaliatory business reasons, entirely void of discriminatory or retaliatory motive, intent, or effect." Doc. 4, p. 1. Martco also answered that plaintiff "failed to meet the requirements for asserting any claim under the Family and Medical Leave Act . . . ." *Id.*

---
[1] Plaintiff named as defendant "Roy O. Martin," [doc. 1, p. 1] however defendant indicates it was improperly named and that it is correctly named as "MARTCO, L.L.C." Doc. 17, p. 1.

On March 6, 2019 Martco filed the instant Motion for Summary Judgment seeking dismissal of plaintiff's claims. Doc. 17. Martco reurges its defenses that plaintiff's absence on March 1, 2017, was not covered under the Family Medical Leave Act ("FMLA") [*id.* at att. 1, pp. 21-24] and that he has provided no factual basis to support his claim for discrimination under Title VII. *Id.* at 6. Although not apparent from plaintiff's complaint, it appears from attachments provided by the defendant that, prior to filing suit in this court, plaintiff filed a claim against Martco with the U.S. Equal Employment Opportunity Commission ("EEOC") charging Martco with employment discrimination under Title VII of the Civil Rights Act (Title VII). Doc. 17, att. 4, pp. 97-98. However, defendants allege that plaintiff's instant complaint is preempted because it is broader than this EEOC filing. Doc. 17, att. 1, p. 33.

In response to defendant's Motion for Summary Judgment, plaintiff filed a motion pursuant to Rule 56(d) seeking to defer or dismiss defendant's motion until discovery was complete. Doc. 19. The motion was granted [doc. 24] and plaintiff was allowed to engage in discovery before filing his opposition. Doc. 25. On June 12, 2019, plaintiff filed his opposition asserting that his leave was covered under the FMLA and that an issue of material fact exists as to whether or not his termination was racially motivated. Doc. 27, att. 1, pp. 8-9.

## II.
### LAW AND ANALYSIS

A motion for summary judgment should be granted when "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. A dispute is genuine "only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). "Under Rule 56, summary judgment must be entered against 'a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will

bear the burden of proof at trial.'" *Baton Rouge Oil & Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375-76 (5th Cir. 2002) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). When ruling on a motion for summary judgment the district court draws all reasonable inferences in favor of the nonmoving party. *Coury v. Moss*, 529 F.3d 579, 584 (5th Cir. 2008). However, a plaintiff's mere beliefs, conclusory allegations, speculation, or unsubstantiated assertions are insufficient to survive summary judgment. *See, e.g., Clark v. Am.'s Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997) (citation omitted).

Plaintiff alleges his termination was discriminatory retaliation for taking FMLA leave, or alternatively, that he suffered racial discrimination under Title VII. Doc. 1. These claims are analyzed under a substantially the same framework and can be proven through either direct or circumstantial evidence. *See Chaffin v. John H. Carter Co.*, Inc., 179 F.3d 316, 319 (5th Cir. 1999) (noting that "there is no significant difference between such claims under the FMLA and similar claims under other anti-discrimination laws."). "If a plaintiff only offers circumstantial evidence then the modified *McDonnell Douglas* burden-shifting framework applies." *Wallace v. Seton Family of Hospitals*, 2019 WL 2484692, at *3 (5th Cir. 2019). Under the modified *McDonnell Douglas* approach,

> the plaintiff must first demonstrate a prima facie case of discrimination; the defendant then must articulate a legitimate, non-discriminatory reason for its decision to terminate the plaintiff; and, if the defendant meets its burden of production, the plaintiff must then offer sufficient evidence to create a genuine issue of material fact that either (1) the employer's reason is a pretext or (2) that the employer's reason, while true, is only one of the reasons for its conduct, and another "motivating factor" is the plaintiff's protected characteristic.

*Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 411-12 (5th Cir. 2007) (citing *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004)).

### A. FMLA Claims

In order to establish a prima facie claim of discriminatory retaliation for taking FMLA leave an employee must show: "1) he was protected under the FMLA; 2) he suffered an adverse employment action; and 3) he was treated less favorably than an employee who had not requested leave under the FMLA or the adverse decision was made because he sought protection under the FMLA." *Mauder v. Metro. Transit Auth. Of Harris Cty., Tex.,* 446 F.3d 574, 583 (5th Cir. 2006). The first element requires the employee to show "he gave proper notice of his intention to take FMLA leave." *Caldwell v. KHOU-TV*, 850 F.3d 237, 245 (5th Cir. 2017). Martco asserts plaintiff's absence was not protected, arguing plaintiff did not provide Martco proper notice. *See* Doc. 17, att. 1, p. 21-22.

"While the employee has a right to take leave under the FMLA, the employee must give his employer notice of his intention to take leave in order to be entitled to it." *Acker v. General Motors, LLC*, 853 F.3d 784, 788 (5th Cir. 2017) (citations omitted). Under the regulation implementing the FMLA when a need to take leave is foreseeable, "notice must be given as soon as practicable," and must provide "notice sufficient to make the employer aware that the employee needs FMLA-qualifying leave." 29 C.F.R. § 825.302 (a), (c). Moreover, the regulation "explicitly permits employers to condition FMLA-protected leave upon an employee's compliance with the employer's usual notice and procedural requirements," even when the employee's need for leave is unforeseeable. *Acker*, 853 F.3d at 788.

Martco has a FMLA leave notice policy [doc. 17, att. 4, p. 21-22] which Martco asserts it provides to all new employees as part of their orientation. Doc. 17, att. 1, p. 25. It argues that under its policy plaintiff was required to contact Martco's Human Resource Department regarding his mother's doctor's appointment in order to obtain leave. *Id.* at 21. Plaintiff argues he was never

given notice of Martco's FMLA leave policy [Doc. 27, att. 1, p. 9] but he fails to produce any evidence, such as his own verified affidavit, to establish that he ever directly asked his employer for time off. Accordingly, he has failed to show he provided his employer notice of his intention to take FMLA leave and he therefore cannot show that his absence from work on March 1, 2017 was protected by the FMLA.

Accordingly, on the FMLA claim, summary judgment must be entered against the plaintiff as he has failed to make a showing sufficient to establish the existence of an element essential to his claim, an element for which he will bear the burden of proof at trial. *See Baton Rouge Oil & Chem. Workers Union,* 289 F.3d at 375-76.

### B. *Title VII*

Plaintiff has also alleged that he suffered racial discrimination in violation of Title VII. Doc. 1. Martco asserts plaintiff's claim fails because he cannot establish a prima facie case of racial discrimination [*see* Doc. 17, att. 1, pp. 36-37] or because Martco can establish plaintiff would have been terminated regardless of his race [*id.* at 37-41].[2] To establish a prima facie case of racial discrimination under Title VII an employee must show that he,

> (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group.

---

[2]Alternatively, Martco asserts plaintiff's Title VII claim should be dismissed because his civil complaint is broader than his EEOC filing. Doc. 17, att. 1, p. 33. "Ordinarily, an employee may not base a Title VII claim on an action that was not previously asserted in a formal charge of discrimination to the EEOC, or that could not 'reasonably be expected to grow out of the charge of discrimination.'" *Filer v. Donley*, 690 F.3d 643, 647 (5th Cir. 2012) (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)); *See Pacheco v. Mineta*, 448 F.3d 783, 788-89 (5th Cir. 2006) ("a primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in attempt to achieve non-judicial resolution of employment discrimination claim.") As noted *supra*, plaintiff has not referenced any EEOC filing in his complaint; however, to the extent we can infer (from attachments provided by the defendants) that an EEOC complaint was filed on November 23, 2017 [*see* Doc. 17, att. 4, pp. 97-98], we find no need to consider whether plaintiff's civil complaint was broader than his EEOC filing because, regardless, plaintiff has failed to put forth sufficient evidence to survive defendant's motion for summary judgment on other grounds. *See*, *infra*.

*McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). Martco argues under the fourth factor plaintiff cannot show he "was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group." Doc. 17, att. 1, pp. 36-37; *see* p. 36 (Martco maintains plaintiff "was not replaced by anyone; his duties were instead assigned to existing employees). Plaintiff asserts depositions of defendant's supervisors establish he *was* replaced by a member of an unprotected class. Doc. 27, att. 1, p. 9. However, this is not apparent from the attachments provided by plaintiff to the court. Doc. 31, p. 25, 27.

Assuming that plaintiff would be able to show he was replaced by someone outside his protected group, Martco must then articulate a legitimate, nondiscriminatory or nonretaliatory reason plaintiff was terminated. *McCoy*, 492 F.3d at 557. As consistently stated by the Supreme Court, "the employee's prima facie case of discrimination will be rebutted if the employer articulates lawful reasons for the action." *Texas Dept. of Community Affairs v. Burdine*, 101 S.Ct. 1089, 1096 (1981). If Martco meets this burden of production, "the plaintiff then bears the ultimate burden of proving that the employer's proffered reason is not true . . . [by] rebut[ting] each nondiscriminatory or nonretaliatory reason articulated by the employer." *McCoy*, 492 F.3d at 557

Martco maintains plaintiff was fired for legitimate reasons. Doc. 17, att. 1, p. 38. It implements a system of written reprimands for employees "who deviate from company expectations." Doc. 17, att. 4, p. 10. Notably, this "TAG Policy," indicates if an employee receives a third "TAG," the "Department Manager should explain that termination is being considered . . . ." *Id.* at 11. Martco has provided the court with various excerpts from plaintiff's personnel records [doc. 17, att. 3, pp. 19-109; att. 4, pp. 14-16, 33-95] as well as several affidavits from plaintiff's supervisors [*id.* at att. 3, pp. 1-18]. Five TAGs are included in plaintiff's personnel records. Doc.

17, att. 4, pp. 79-91. The first two TAGs were for tardiness, the third and fourth TAG were for job performance issues and the final TAG was for violations of the company's Ring Policy and for violation of the company's "no call no show," policy based on plaintiff's absence from his work-shift on March 1, 2017. *Id.* According to plaintiff's supervisors, plaintiff was terminated based on a violation of Martco's Ring Policy, absence from his work-shift on March 1, 2017, and in consideration of Four previous "TAGs" had received. Doc. 17, att. 3, p. 5, 12; *see* pp. 79-96.

Plaintiff does not refute any of the performance issues cited by Marco (although as discussed *supra* he maintains the March 1st absence was covered by FMLA). Plaintiff simply maintains that any attempt to suggest that there was an independent, non-racially motivated, basis for his termination is a "ruse." Doc. 27, att. 1, p. 9. He suggests defendant has failed to meet its burden of production because "there has been no offering by the Defendant that Anderson was not qualified for his position." *Id.* at 8. We disagree.

We are satisfied that Martco has articulated legitimate nondiscriminatory reasons for plaintiff's termination. Although plaintiff would have his claim survive by maintaining the assertion that he was terminated based on his race, he has failed to produce any evidence that would allow a trier of fact to rationally conclude that the employment decision was motivated by discriminatory animus. Accordingly, we grant Martco's motion for summary, as plaintiff's conclusory allegations are insufficient to survive summary judgment.

### III.
#### CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment [doc. 27], is **GRANTED** and all claims are dismissed.

THUS DONE AND SIGNED in Chambers this 23rd day of September, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE