UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LARRY ANDERSON, JR.** | : | **CIVIL DOCKET NO. 2:18-cv-275** |
| **VERSUS** | : | |
| **ROY O. MARTIN** | : | **MAGISTRATE JUDGE KAY**<br>**(By Consent)** |

## MEMORANDUM RULING

Before the court is a Motion to "alter or amend the judgment" pursuant to Rule 59(e)[1] filed by plaintiff Larry Anderson, Jr. Doc. 42. He seeks reconsideration of our Judgment [doc. 34] granting summary judgment to defendant. *Id.* The motion is opposed by defendant MARTCO, L.L.C[2] ("Martco"). Doc. 47. For the reasons stated below, the motion is **DENIED**.

## I.
### BACKGROUND

On March 5, 2018, plaintiff filed suit in this court alleging that his employer, Martco, had terminated him on March 6, 2017, in violation of "[t]he Family and Medical Leave Act of 1993 and Title VII of the Civil Rights Act of 1964." Doc. 1, p. 1. Specifically, he alleged the termination was retaliation because he took his mother to the doctor on March 1, 2017. *Id.* Martco denied the claims and maintained that plaintiff was terminated for "legitimate, non-discriminatory, non-

---

[1] Plaintiff includes in his motion, a request for a "new trial" pursuant to Fed. R. Civ. P. 59(a)(2), (b). Doc. 42, p. 1. However, there was no trial in this case, as it was decided on Summary Judgment [docs. 13, 34]. Accordingly, this court will construe the motion as a motion to "alter or amend the judgment" pursuant to Rule 59(e), rather than as a Motion for New Trial. *See Patin v. Allied Signal Inc.*, 77 F.3d 782, 785, n. 1 (5th Cir. 1996) (noting that a motion for reconsideration styled as a motion for new trial following a summary judgment was correctly analyzed as a Rule 59(e) motion to reconsider entry of summary judgment).

[2] Plaintiff named as defendant "Roy O. Martin," [doc. 1, p. 1] however defendant indicates it was improperly named and that it is correctly named as "MARTCO, L.L.C." Doc. 17, p. 1.

retaliatory business reasons, entirely void of discriminatory or retaliatory motive, intent, or effect." Doc. 4, p. 1.

On March 6, 2019, Martco filed a Motion for Summary Judgment seeking dismissal of plaintiff's claims. Doc. 17. We allowed plaintiff to engage in discovery before filing opposition. *See* Doc. 19, 24. On June 12, 2019, plaintiff filed his opposition asserting that his leave was covered under the FMLA and that an issue of material fact exists as to whether or not his termination was racially motivated. Doc. 27, att. 1, pp. 8-9. On September 23, 2019, we granted defendant's motion finding plaintiff's allegations conclusory and noting that plaintiff had "failed to produce any evidence that would allow a trier of fact to rationally conclude that the employment decision was motivated by discriminatory animus." Doc. 33, p. 7.

Following our dismissal and on October 17, 2019, plaintiff, then represented by counsel, sent a letter to the court that was docketed as a Motion for Reconsideration. Doc. 37. We indicated that, absent withdrawal of counsel and plaintiff's amendment to his "motion," the motion would be denied. Doc. 38. On October 31, 2019, plaintiff's counsel moved to withdraw and on November 1, 2019, plaintiff filed a "Motion to Amend Reconsideration Letter" which was docketed as an Amended Motion for New Trial. Docs. 41, 42. The motion is opposed by defendant. Doc. 47.

## II.
### LAW & ANALYSIS

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used infrequently by the courts and only in specific circumstances. *Templet v. Hydrochem, Inc.,* 367 F.3d 473, 479 (5th Cir. 2004). "A motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments." *LeClerc v. Webb*, 419 F.3d 405, 412, n. 13 (5th Cir. 2005) (citing *Westbrook v. C.I.R.*, 68 F.3d 868, 879 (5th Cir. 1995)). It "must clearly establish either a

manifest error of law or fact or must present newly discovered evidence." *Schiller v. Physicians Resource Group Inc.,* 342 F.3d 563, 567 (5th Cir. 2003) (citations and internal quotation marks omitted). "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Lawrence v. Rocktenn CP, LLC,* 2017 WL 3165121, at *2 (W.D. La. July 25, 2017) (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)).

Plaintiff argues we should re-examine the evidence of this case. Doc. 42, p. 1. He asks the court to revisit evidence attached to the defendant's Motion for Summary Judgment [*id.* at 2; *see* doc. 15] arguing this evidence, proves "without a doubt" that he was wrongfully terminated. *Id.* at 3. Defendant argues that plaintiff has failed to show that our ruling was manifestly erroneous [doc. 47, p. 5], or that he is any way entitled to relief under Rule 59(e). Doc. 47, p. 5, 7.

Plaintiff sets forth no newly discovered evidence and alleges no intervening change in the law, rather he seeks a second attempt to argue the same points he has alleged in previous pleading. Plaintiff's attempt to re-argue the merits of his case is improper under Rule 59(e), accordingly his motion is denied.

### III.
#### CONCLUSION

For the foregoing reasons, defendant's Motion to "alter or amend the judgment" pursuant to Rule 59(e) [doc. 42] is **DENIED**.

THUS DONE AND SIGNED in Chambers this 20th day of February, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE