UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LARRY ANDERSON, JR.** | : | **CIVIL DOCKET NO. 2:18-cv-275** |
| **VERSUS** | : | |
| **ROY O. MARTIN** | : | **MAGISTRATE JUDGE KAY**<br>**(By Consent)** |

## MEMORANDUM RULING

Before the court is a Motion for Attorney Fees and Costs filed by defendant MARTCO, L.L.C[1] ("Martco"). Doc. 35. The Motion is unopposed. For the reasons stated below, the motion is **GRANTED**.

### I.
#### BACKGROUND

On March 5, 2018, plaintiff, Larry Anderson, Jr., filed suit in this court alleging that his employer, Martco, had terminated him on March 6, 2017 in violation of "[t]he Family and Medical Leave Act of 1993 and Title VII of the Civil Rights Act of 1964." Doc. 1, p. 1. Specifically, he alleged the termination was in retaliation for taking his mother to the doctor on March 1, 2017. *Id.* Martco denied the claims and maintained that plaintiff was terminated for "legitimate, non-discriminatory, non-retaliatory business reasons, entirely void of discriminatory or retaliatory motive, intent, or effect." Doc. 4, p. 1.

---

[1] Plaintiff named as defendant "Roy O. Martin," [doc. 1, p. 1] however defendant indicates it was improperly named and that it is correctly named as "MARTCO, L.L.C." Doc. 17, p. 1.

On March 6, 2019, Martco filed a Motion for Summary Judgment seeking dismissal of plaintiff's claims. Doc. 17. We allowed plaintiff to engage in discovery before filing his opposition. *See* Docs. 19, 24. On June 12, 2019, plaintiff filed his opposition asserting that his leave was covered under the FMLA and that an issue of material fact exists as to whether or not his termination was racially motivated. Doc. 27, att. 1, pp. 8-9.

On September 23, 2019, we granted summary judgment in favor of the defendant [doc. 34], finding plaintiff's allegations conclusory, and noting that plaintiff had "failed to produce any evidence that would allow a trier of fact to rationally conclude that the employment decision was motivated by discriminatory animus." Doc. 33, p. 7. Martco now seeks attorney fees as the prevailing party pursuant to 42 U.S.C. § 2000e-5(k) and relevant jurisprudence, but only those attorney fees that relate to the defense of plaintiff's Title VII claim.[2] Doc. 35, att. 1, p. 9. It also seeks costs related to its Motion for Summary Judgment [doc. 17] as the prevailing party pursuant to Federal Rule of Civil Procedure Rule 54(d)(1). *Id.* at 10. The motion is unopposed.

## II.
### LAW & ANALYSIS

**A. Attorney Fees Under Title VII**

Under Title VII, a prevailing plaintiff is ordinarily awarded attorney's fees in all but special circumstances. 42 U.S.C. § 2000e-5(k); *See Anderson v. Harrison County, Miss.*, 639 Fed.Appx. 1010, 1016 (5th Cir. 2016). These fees may be awarded to a prevailing *defendant* in a Title VII case "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 98 S.Ct.

---

[2] The statue governing claims under the Family Medical Leave Act does not support an award for attorney fees and costs to a prevailing *defendant*. *See Wiggins v. Coast Professional Inc.*, 2015 WL 1942715, at *1 (W.D. La. April 28, 2015) (citations omitted) ("Unlike the ADA and Title VII, the FMLA does not permit a prevailing defendant to recover attorney's fees and costs"); *Cf.* 29 U.S.C. § 2617(a)(3) (allowing attorney fees and costs for a prevailing plaintiff in a FMLA claim).

694, 700 (1978). "[F]rivolity [is reviewed] by asking whether the case was so lacking in merit that it was groundless, rather than whether the claim was ultimately successful." *United States v. State of Mississippi*, 921 F.2d 604, 609 (5th Cir. 1991) (citing *Jones v. Texas Tach. Univ.*, 656 F.2d 1137, 1145 (5th Cir. 1981)). As cautioned by the Supreme Court, "assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII." *Christiansburg Garment Company v. EEOC*, 98 S.Ct. 694, 701 (1978).

The Fifth Circuit has generally "affirmed awards of attorney's fees where the plaintiff's civil rights claim lacks a basis in fact or relies on an indisputably meritless legal theory." *Doe v. Silsbee Independent School Dist.*, 440 Fed.Appx. 421, 425 (5th Cir. 2011) (citations omitted). The factors important to frivolity determinations are (1) whether plaintiff established a prima facie case, (2) whether the defendant offered to settle, and (3) whether the district court dismissed the case or held a full-blown trial. *Myers v. City of West Monroe*, 211 F.3d 289, 292 (5th Cir. 2000) (citing *United States v. State of Mississippi*, 921 F.2d at 609)). "These factors are, however, guideposts, not hard and fast rules. Determinations regarding frivolity are to be made on a case-by-case basis." *See E.E.O.C. v. L.B. Foster Co.*, 123 F.3d 746, 751 (3d Cir.1997) (internal quotations marks and citations omitted).

Martco seeks attorney's fees, arguing that plaintiff's Title VII claim was frivolous. Doc. 35, att. 1, p. 3. It asserts that Martco did not offer to settle [*id.* at 5-6] and notes that the claim was dismissed prior to trial [*id.* at 6]. This motion is unopposed. We would agree that, given the circumstances of this case, Martco is entitled to attorney fees related to plaintiff's Title VII claim. As addressed more comprehensively in our Memorandum Ruling granting the Motion for

Summary Judgment [doc. 33], plaintiff failed to establish a prima facia claim under Title VII [doc. 33, pp. 5-7]. Given that defendant's claims were dismissed prior to trial, the factors set forth by the Fifth Circuit support a finding that his claim was frivolous. *See Myers*, 211 F.3d at 292 (citing *Mississippi*, 921 F.2d at 609).

### B. Amount of Fees

Determining the amount of reasonable attorney's fees is a two-step process. "Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rate for the participating lawyers." *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5thCir. 1995)(citing *Hensley v. Eckerhart*, 103 S.Ct. 1933, 1939 (1983). "Then, the district court must multiply the reasonable hours by the reasonable hourly rates." *Id.* (citing *Blum v. Stenson*, 104 S.Ct. 1541, 1544 (1984). "The product of this multiplication is the lodestar, which the district court them either accepts or adjusts upward or downward, depending on the circumstances of the case." *Id.* (citing *Brantley v. Surles*, 804 F.2d 321, 325 (5thCir. 1986).

The fee applicants bear the burden of demonstrating the number of hours expended and the reasonableness of the rate charged. *Id.* Additionally, the fee applicants must prove that they exercised billing judgment, which requires "documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006). If the court finds billing judgment lacking, it must reduce the award by a percentage "intended to substitute for the exercise of billing judgment." *Id.*

Attached to its motion, Steven M. Oxenhandler, one of Martco's attorneys, provides an affidavit in which he indicates that he has been practicing at his firm for 17 years, primarily in the area of labor and employment litigation. Doc. 35, att. 2. He attests that he seeks a total award of $29,250.00 which represents 117 hours of work performed by attorneys at his firm at a rate of

$250.00 per hour. *Id.* He specifies that this represents only the hours spent defending against plaintiff's Title VII Claim, one-third of the total 353.70 hours the firm collectively expended on this case. *Id.* Although he indicates he was primarily responsible for handling the Title VII claim, he provides a bill of costs of three attorneys at the firm who collectively worked on both claims, each of whom billed $250.00 per hour. *Id.*

This case has required significant efforts by counsel for Martco. Plaintiff initially filed his complaint *pro se* [doc. 1] and Martco filed an answer to plaintiff's complaint [doc. 4], a corporate disclosure statement [doc. 5], and coordinated with plaintiff in filing a Rule 26(f) report [doc. 8]. Seven months after the initial litigation began, plaintiff obtained an attorney [doc. 13], and thereafter Martco filed a Motion for Summary Judgment [doc. 17]. In response to Martco's motion, plaintiff filed a motion pursuant to Rule 56(d) seeking to defer or dismiss defendant's Motion for Summary Judgment until discovery was complete. Doc. 19. Martco opposed the motion [doc. 21], however the motion was granted [doc. 24] and plaintiff was allowed to engage in discovery before filing his opposition to the summary judgment. Doc. 25. After discovery was allowed, plaintiff filed its opposition [doc. 27], but attached only excerpts from documents initially provided to the court by Martco [doc. 31]. Martco filed a reply brief [doc. 32] and ultimately, summary judgment was granted in favor of Martco. Docs. 33, 34. Although not included in Martco's request for attorney's fees, plaintiff continued to contest the judgment, filing *pro se* Motions for Reconsideration after his attorney withdrew from the case at plaintiff's request. *See* docs. 37, 41, 42.

The court finds that the hourly rates charged by the attorneys are reasonable based upon the years of experience and the efforts expended by Martco in defending this suit. Moreover, we find the amount of $29,250.00 to be reasonable. The apportioned hours represent primarily the

work done by Mr. Oxenhandler, the attorney handling Martco's Title VII defense who attested to this court that his firm spent 117 hours defending plaintiff's Title VII claims. Accordingly, we find that movants have met their burden of demonstrating that the number of hours expended, and the rate charged are reasonable.

## C. Costs

Martco also seeks costs pursuant to Federal Rule of Civil Procedure 54(d)(1), in the amount of $2,269.60 for depositions, and transcripts used as summary judgment exhibits in this matter. Doc. 35, att. 1, p. 11. Federal Rule of Civil Procedure 54(d) gives courts the discretion to award costs to prevailing parties. Furthermore, the Fifth Circuit strongly presumes that courts will award costs to the prevailing party. *Salley v. E.I. DuPont de Nemours & Co.,* 966 F.2d 1011, 1017 (5th Cir.1992) (citing *Sheets v. Yamaha Motors Corp., U.S.A.,* 891 F.2d 533, 539 (5th Cir.1990)).

Martco asserts that four deposition transcripts are attributable to its motion for summary judgment. Doc. 35, att. 1, p. 11. Two of these depositions—the deposition of Bobby Burke [doc. 32, att. 2] and Josh Oliver [doc. 32, att. 3]—primarily relate to exploration of whether racial motivation played a factor in plaintiff's termination. The others two depositions—the deposition of plaintiff [doc. 17, att. 3, pp. 115-147], and the deposition of plaintiff's mother [doc. 17, att. 3, pp. 111-114] were used primarily for defense of plaintiff's FMLA claim.

Although as noted supra, attorney fees are not allowed to prevailing defendant in a FMLA claim, several courts have found no compelling reason to deny prevailing defendants costs for these claims under Rule 54(d). *Billings v. Cape Cod Child Development Program, Inc.*, 270 F.Supp.2d 175, 177-78 (D. Mass. 2003); *Ogborn v. United Food and Commerical Workers Union, Local No. 881*, 305 F.3d 763, 769-70 (7th Cir. 2002). Accordingly, we grant Martco costs in the amount of $2,269.60.

# III.
## CONCLUSION

For the reasons stated, the Motion for Attorney's Fees and Costs [doc. 35] is **GRANTED**. Martco is awarded attorney fees in the amount of $29,250.00 related to defense of plaintiff's Title VII Claim and $2,269.60 in costs related to the filing of its Motion for Summary Judgment.

THUS DONE this 25th day of February, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE